### Cincinnati, New Orleans & Texas Pacific Railway Company v. Luke.

(Decided June 16, 1916.)

Appeal from Scott Circuit Court.

J. CRAIG BRADLEY and JOHN GALVIN for appellant.

L. F. SINCLAIR for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE CARROLL—Overruling. For opinion see 169 Ky. 560.

Counsel for the railway company in a petition for a rehearing, insist that we did not understand or meet the chief ground relied on for reversal, and so for the purpose of endeavoring to make plain the reasons that influenced us in affirming the judgment appealed from, we now reiterate that the rights of the parties were determined by the bill-of-lading alone. This constituted the sole contract between them. In this bill-of-lading as copied in the record we do not find the words "to be fed and watered at Green, Embry & Co., Cincinnati,

O.," although it appears from the evidence that these words were in the copy exhibited during the trial. But whether these words were written with a pen and ink in the bill-of-lading does not make them a part of the contract, because Luke testifies that he did not know why these words were written across the face of the bill-of-lading, as they were not written by his direction or consent, or in attempting to express any contract that he made. And the agent at Georgetown was not asked anything about the insertion of these words.

We rested the case on the bill-of-lading alone without regard to the evidence explaining it or the parol contract set up by Luke. Under the bill-of-lading as we construed it, the cattle were consigned to Green, Embry & Co., at Cincinnati, and the railway company should have delivered them to this firm. The bill-of-lading does not show what the charge for transportation was, or how much was paid, or that the charge was for transportation to Chicago, and the circumstance that the railway company charged and collected the rate from Georgetown to Chicago is not controlling. Nor did we decide that under a bill-of-lading stipulating for a shipment from Georgetown to Chicago a shipper would have the right to demand that the railway company stop the cattle at Cincinnati for sale. We put the decision distinctly on the ground that under the terms of the bill-of-lading the company should have stopped the cattle at Cincinnati, as they were consigned to Green, Embry & Co. at that place.

It may readily be conceded that the ground upon which we put our decision was not clearly presented either in the pleadings or the evidence, although the verdict of the jury and the judgment thereon did not give Luke any more than he was entitled to have if the cattle should have been stopped at Cincinnati.

The company was not in any manner prejudiced by the judgment, assuming that it was its duty to have stopped the cattle at Cincinnati. There is no claim that if a new trial were granted and the case submitted to a jury under our construction of the contract and view of the law, the verdict or judgment would be any less. Indeed, the whole contention of the company is that it was entitled to a peremptory instruction, and counsel base their right to a peremptory instruction upon the ground that under the contract the cattle were shipped

directly from Georgetown to Chicago, while under our view of the contract they were shipped directly from Georgetown to Cincinnati.

The petition for a rehearing is overruled.